UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW SCOTT PEYRONNIN,                 CIVIL ACTION
ET AL.

VERSUS

JASON ARD, ET AL.                            NO.:16-00272-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Stay (Doc. 12)**, filed by Sheriff of Livingston Parish Jason Ard, State of Louisiana, Deputy Jeffery Scroggins, Deputy Kendall Prestidge, and Deputy Brandon Brown (collectively, "Defendants"). Defendants seek to stay these proceeding pending the final resolution of the criminal charges filed against Plaintiff Matthew Scott Peyronnin ("M.S. Peyronnin"). Plaintiffs, M.S. Peyronnin, Tabitha Peyronnin and Matthew Dwayne Peyronnin (collectively, "Plaintiffs"), did not file an opposition.

### I. BACKGROUND

Plaintiffs allege that on April 29, 2015, Deputies Scroggins, Prestidge, and Brown, from the Livingston Parish Sheriff's Department, arrived at their home in response to a call requesting a "welfare check" of M.S. Peyronnin. (Doc. 1 at p. 3). Plaintiffs allege that M.S. Peyronnin heard the deputies outside the home and thought they were intruders because the deputies did not announce themselves and they were actively trying to evade detection. (*Id.*). According to the Complaint, M.S. Peyronnin grabbed a shotgun for protection and went to open the door. (*Id.*). Plaintiffs claim that the deputies shot M.S. Peyronnin four times, without cause, while he attempted to open the door. (*Id.* at p. 3–4).

On April 27, 2016, Plaintiffs filed this action against Defendants alleging excessive force pursuant to 42 U.S.C. § 1983, battery, bystander liability, property damage, assault, negligence and negligent training. (*Id.* at p. 6–11). Defendants filed the subject motion to stay the proceedings pending the resolution of a related criminal charge filed against M.S. Peyronnin.

## II. LAW AND ANALYSIS

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim must be dismissed if the adjudication of the claim would imply the invalidity of a plaintiff's prior criminal conviction or sentence. "[A] plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)). *Heck* will not bar a claim, however, when the factual basis for the underlying conviction is temporally and conceptually distinct from the alleged constitutional violation. *Id.* at 498.

Here, M.S. Peyronnin is charged with aggravated assault upon a peace officer with a firearm. (Doc. 12-2 at p. 2). A conviction might prohibit Plaintiffs from recovering on the excessive force claim because it may imply that the use of force by the deputies was reasonable under the circumstances. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (concluding that the excessive force claim was barred by *Heck* because it would invalidate his conviction for battery of an officer); *see also Wilson v. Dailey*, No. CIV.A. 11-117, 2011 WL 2637183, at *2 (E.D. La. July 6, 2011) (staying the civil proceedings on an excessive force claim due to pending criminal charges

against the plaintiff for resisting a police officer and simple assault). At this time, the Court cannot conclusively determine whether *Heck* would bar the excessive force claim because the facts of the prospective conviction have not been determined. Under these circumstances, the United States Supreme Court has instructed that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citing *Heck*, 512 U.S. at 487–88). Therefore, the Court finds that a stay of the proceedings is appropriate pending the final resolution of the criminal charge.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Motion to Stay (Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above captioned matter is **STAYED** while the criminal proceedings against Matthew Scott Peyronnin are pending.

**IT IS FURTHER ORDERED** that Defendants shall file a **status report within 60 days of this order**, notifying the Court of the progress of the pending criminal charge against Matthew Scott Peyronnin.

Baton Rouge, Louisiana, this 21ST day of July, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA